Paid
S1
(90)

FILED
2011 JAN 28 P 1:28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA. SAN JOSE

Christopher Addy (SBN: 256044)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400 x 271
F: (866) 799-3206
caddy@consumerlawcenter.com
Attorney for Plaintiff,
GINO PASQUALE

ADR

E-filing

CA HRL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| GINO PASQUALE,<br>Plaintiff,<br>v.<br>LTD FINANCIAL SERVICES,<br>Defendant. | Case No.: CV 11-00425<br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br>**(Unlawful Debt Collection Practices)** |

HRL

## VERIFIED COMPLAINT

GINO PASQUALE (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against LTD FINANCIAL SERVICES (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).
2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.
5. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.
6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

7. Plaintiff is a natural person residing in San Jose, Santa Clara County, California.
8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.
9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.
10. Defendant is a national corporation with a business office located in Houston, Texas.

## FACTUAL ALLEGATIONS

11. Defendant contacted Plaintiff at his home telephone number from telephone number (866) 998-2500, seeking payment for an alleged debt.
12. On May 11, 2010, Defendant contacted Plaintiff at 10:07 am, 10:56 am, 11:48 am, 12:38 pm and 2:47 pm, seeking payment for an alleged debt.

13. On May 15, 2010, Defendant contacted Plaintiff twice within thirty (30) minutes. Once at 8:09 am and then again at 8:33 am.

14. Defendant failed to identify itself as a debt collector in subsequent communications as Defendant did not indicate that it was an attempt to collect a debt when leaving a voicemail message for Plaintiff. *See* Exhibit A.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff; and

   c. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, GINO PASQUALE, respectfully requests judgment be entered against Defendant, LTD FINANCIAL SERVICES, for the following:

16. Statutory damages of $1000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k, and*

18. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

19. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

20. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff;

   b. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment; and

   c. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*., as set forth in Paragraph 16 above.

WHEREFORE, Plaintiff, GINO PASQUALE, respectfully requests judgment be entered against Defendant, LTD FINANCIAL SERVICES., for the following:

21. Statutory damages of $1000.00, pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

22. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

23. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GINO PASQUALE, demands a jury trial in this cause of action.

# EXHIBIT A

Gino Pasquale v. LTD Financial Services
Transcribed Voicemail

Hello, this message is exclusively for Gino Pasquale. Mr. Pasquale, this is Yolanda Ferret with LTD Financial Services. I would appreciate a return call, toll free 1-800-990-5560, extension 6321. Thank you.

DATED: 1/25/11

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: ______________________

Christopher Addy. Esq.
Attorney for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA

Plaintiff, GINO PASQUALE, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, GINO PASQUALE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1-11-2011

GINO PASQUALE